UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

## PRE-CONFIRMATION CHAPTER 13 PLAN

DEBTORS: Jody Ann Lowenstern                                         Docket #: 09-13478

### I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of         $500.00 for the term of:
(Place an X next to the correct term.)

36 months. 11 USC 1325(b)(4)(A)(i).
60 Months. 11 USC §1325(B)(4)(A)(ii).
60 Months. 11 USC §1322(d)(2). Debtor avers the following cause:

X         4 Months. The Debtor states as reasons therefor:
Based on the information presently available, it appears that the debtor can pay a 100% dividend to general unsecured creditors within that time.

### II. SECURED CLAIMS

A. Unmodified secured claims to be paid by the Trustee (including arrears):

| Creditor Name | Description of claim | Amount of claim |
|---|---|---|
| | Total of unmodified secured claims: | $0.00 |

B. Claims to be paid directly to creditors (not by Trustee):

| Creditor Name | Description of claim | Amount of claim |
|---|---|---|
| Amtrust Bank | mortgage on debtor's residence | |

The debtor claims that this mortgage was predatory and unconscionable. An Adversary Proceeding will be filed to invalidate the mortgage. Any payments to this creditor shall be made only in accordance with final judgment in the Adversary.

JPMorgan Chase  (claim #2)
This claim allegedly relates to a Nissan Sentra automobile. The debtor has not had possession of the vehicle for about two years and thus will object to the claim. No payments will be made to this creditor unless the court orders otherwise.

JPMorgan Chase  (claim #4)
This claim does not identify the collateral. Given the amount of the claim, it may relate to real estate. Absent identification of the collateral, however, the debtor will not make any payments to this creditor and will object to the claim.

|  |  |  |
|---|---|---|
| | Total of secured claims to be paid directly: | $0.00 |

C. Secured claims being modified:    NONE

| Creditor Name | Description of claim | Amount of claim |
|---|---|---|
| | Total of modified secured claims: | $0.00 |

D. Leases:    NONE
  i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of:

  iii. The arrears under the lease to be paid by the trustee are:
    Creditor name:

    Grand total of secured claims:    $0.00

## III. PRIORITY CLAIMS    NONE

A. Domestic Support Obligations:
  Creditor Name    Description of claim    Amount of claim

B. Other
  Creditor Name    Description of claim    Amount of claim

    Total of priority claims:    $0.00

## III. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid by Trustee)    $1,500.00
    Attorney's name:    David G. Baker (subject to additional fee application)
B. Miscellaneous fees:    NONE
C. The Chapter 13 Trustee's fee is determined by order of the United States Attorney General. The calculation of the plan payment set forth below utilizes a 10% trustee's fee. In the event that the trustee's fee is less than 10%, the additional funds collected shall be disbursed to unsecured creditors up to 100% of allowed claims.

## IV. UNSECURED CLAIMS    Creditors holding allowed general unsecured claims shall receive a dividend of:    100.00%

A. General unsecured claims (As Filed):    $117.77
B. Unsecured claims resulting from lien avoidance (§522(f)):
  Creditor Name    Description of claim    Amount of claim

C. Unsecured portion of undersecured claims ("cramdown"):
  (See Liquidation Analysis, below, for description of property and valuation)
  Creditor Name    Description of claim    Amount of claim

D. Total A + B + C:    $117.77 Multiply by dividend:    $117.77
E. Separately classified unsecured claims (co-borrower, etc.: §1322(b)(1)):
  Creditor Name    Description of claim    Amount of claim

    Dividend:    Total:    $0.00
The debtor(s) state(s) that separate classification is appropriate because:

V. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan: The debtor reserves the right to sell her home if she is required to make any payments to Amtrust Bank as a result of final judgment in the Adversary Proceeding.

    B. Miscellaneous provisions:    NONE

VI. CALCULATION OF PLAN PAYMENT:

| | |
|---|---|
| A. Secured claims: | $0.00 |
| B. Priority claims: | $0.00 |
| C. Administrative claims: | $1,500.00 |
| D. General unsecured claims: | $117.77 |
| E. Separately classified unsecured claims: | $0.00 |
| F. Sub-total of A through E above: | $1,617.77 |
| G. Divide F by .90 for total including Trustee's Fee: (Cost of plan) | $1,797.52 |
| H. Divide Cost of plan by plan term to calculate monthly payment: (Round up to nearest dollar and enter on page 1) | $450.00 |

LIQUIDATION ANALYSIS

Not required because the plan pays unsecured claims a 100% dividend.

Pursuant to the Chapter 13 rules, the debtor (or the debtor's attorney) is required to serve a copy of the Plan upon the Chapter 13 trustee and all creditors and interested parties, and file a Certificate of Service stating the date and method of service, and the name and address of all entities served.

_/s/ David Baker_    Date: 8/10/2009
Debtor's Counsel: David G. Baker, Esq.
Address:    236 Huntington Avenue, Ste. 306
             Boston, MA 02115
Telephone:    617-340-3680

I DECLARE UNDER THE PENALTIES OF PERJURY THAT I HAVE READ THE ATTACHED CHAPTER 13 PLAN AND THAT ALL REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_/s/ Jody Ann Lowenstern_    Date: 8/10/2009
Debtor    Jody Ann Lowenstern